**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MUTUAL OF OMAHA BANK, | ) |
| Plaintiff, | ) |
| | ) 2:08-cv-01274-PMP-LRL |
| v. | ) |
| | ) **O R D E R** |
| CRAIG L. HUNTINGTON, *et al.*, | ) |
| Defendants. | ) |

Before the court is plaintiff Mutual of Omaha Bank's ("Mutual of Omaha") Motion to Compel Production of Documents by Defendants Bank of Nevada, Torrey Pines Bank and Western Alliance Bancorporation (#103). The court has considered the motion, defendants' Opposition (#106) and the accompanying Declaration of Robin J. Samuel (#107), and Mutual of Omaha's Reply (#108). For the following reasons, the motion will be granted.

Mutual of Omaha moves the court to compel defendants to produce all documents responsive to Document Request Nos. 1, 2, and 3 of its First Requests for Production. Mot. (#103) at 2. Document Request No. 1 seeks "[a]ny and all documentation that purports to be or otherwise evidences, concerns or references agreements or communications between Defendants and the Federal Deposit Insurance Corporation ('FDIC') relating to the evaluation process and the bidding process for certain assets and liabilities of FNBN, which Mutual of Omaha ultimately acquired." *Id.* at 6. Document Request No. 2 seeks "[a]ny and all documentation that purports to be or otherwise evidences, concerns or references information reviewed or retrieved by Defendants from the FDIC Intralink[s] Database with respect to Defendants' evaluation of and bidding process for certain assets and liabilities of FNBN." *Id.* Document Request No. 3 seeks "[a]ny and all documentation that purports to be or otherwise evidences, concerns or references agreements or communications between Defendants and the FDIC relating to

Defendant Huntington's employment with Mutual of Omaha and/or subsequent employment with Western Alliance or any of its affiliates, including Bank of Nevada and Torrey Pines Bank." *Id.*

Mutual of Omaha maintains that defendants have stonewalled its attempts to obtain responsive information. *Id.* at 4. According to Mutual of Omaha, defendants first asserted improper boilerplate objections, then claimed that the information sought could not be disclosed because the Intralinks Confidentiality Agreement (the "Agreement"), *see id.*, Exh. 1, prohibited disclosure without FDIC consent, and, when such consent was obtained on defendants' behalf, defendants claimed that the Agreement also required a court order. *Id.* at 4. Mutual of Omaha argues that these objections were waived because they were not adequately asserted in defendants' initial discovery response. *Id.* In the alternative, Mutual of Omaha argues that defendants' objections "do[] not make any sense, because the . . . Agreement's purpose is to protect the value of the FNB business information and those documents and information are Mutual of Omaha's property as a result of its July 25, 2008 agreement with the FDIC regarding FNB." *Id.* Mutual of Omaha likewise argues that defendants, as Mutual of Omaha's competitors, should not be permitted to use the Agreement to frustrate its efforts to protect sensitive business information and investigate potential violations of the Agreement. *Id.*

Defendants respond that they have never opposed the production of the FDIC bid documents in their possession. Opp'n (#106) at 2. Defendants state that they wish to produce the documents, but are contractually prohibited from doing so until either the FDIC consents to the production, or the court authorizes defendants to produce the material without the FDIC's consent. *Id.* Defendants argue that because neither has occurred, they cannot produce the materials without potentially breaching the Agreement. *Id.* Defendants also note that they have asked the FDIC to allow production, but to no avail. *Id.*

Paragraph 3 of the Agreement provides that, "Without FDIC's prior written consent, PA, its Representatives and NER agree to keep confidential and not disclose to any Person or use for any purpose other than the Transaction any PI and to not remove PI from Bank premises." Exh. 1 to Mot. (#103) at ¶ 3. Paragraph 5 of the Agreement provides that, "If PA does not enter into a Transaction, PA

agrees not to disclose any PI or any Transaction consummated to any Person, and to certify upon FDIC request that it has delivered to Bank and FDIC all original PI and destroyed all other documents (e.g., copies, notes, analyses, records, etc.) based on PI." *Id.* at ¶ 5. The Agreement provides no exception for disclosures to the winning bidder. Instead, defendants are required to obtain the FDIC's written consent before any production takes place, unless disclosures are "legally required." *Id.* at ¶ 4.

The court will order defendants to produce to Mutual of Omaha all documents responsive to Document Request Nos. 1, 2, and 3. The document requests seek information relevant to the subject matter of this case, and are reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). The document requests are not unreasonably cumulative or duplicative, and do not seek information obtainable from another source that is more convenient, less burdensome, or less expensive; nor does the burden or expense of the proposed discovery outweigh its likely benefit. *See* Fed. R. Civ. P. 26(b)(2). Further, the parties are assured of confidential treatment pursuant to the court's October 20, 2008 Stipulated Protective Order (#36). Hence, the primary purpose of the Agreement, to safeguard confidential information related to the value of the FNB assets, will be preserved.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel Production of Documents by Defendants Bank of Nevada, Torrey Pines Bank and Western Alliance Bancorporation (#103) is GRANTED to the extent that defendants shall, not later than **August 14, 2009**, provide to Mutual of Omaha without objection and without the prior consent of the FDIC all documents responsive to Document Request Nos. 1, 2, and 3 of Mutual of Omaha's First Requests for Production.

DATED this 31st day of July, 2009.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**